# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT SIZEMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 2:14-cv-1175 |
| ) | |
| THOMAS J. KAHLER and ) | |
| BOROUGH OF WEST MIFFLIN, ) | Judge Maurice B. Cohill, Jr. |
| ) | |
| Defendants. ) | |

## **OPINION**

On September 2, 2014, Robert Sizemore, proceeding pro se, filed this action against Thomas J. Kahler and the Borough of West Mifflin. On January 27, 2015, Mr. Sizemore filed an Amended Complaint. Defendants' filed a Motion to Dismiss Defendant's Amended Complaint on October 15, 2015. We ordered Plaintiff to respond to the Motion by November 19, 2015. On November 18, 2015, Plaintiff filed a motion requesting an additional 60 days to file his response. We granted the motion and set the new response date for January 19, 2016. On January 19, 2016, Plaintiff again filed a motion seeking an additional 60 days to respond. We granted that motion, and set the new response date for March 21, 2106. On March 22, 2016, Plaintiff filed his Response. For the reasons that follow we will grant Defendants' motion to dismiss and dismiss the Amended Complaint.

## I.     Relevant Factual Background

Mr. Sizemore alleges that on September 1, 2012, while walking across the street at Century Square in West Mifflin, Pennsylvania, Defendant Thomas Kahler stopped his police vehicle, exited, and began to threaten Mr. Sizemore. Mr. Sizemore alleges that he confronted

1

Kahler about Kahler's erratic driving. Kahler responded by threatening to arrest Mr. Sizemore if he did not produce identification. Mr. Sizemore produced his identification.

Immediately after this incident, Mr. Sizemore called 911 and later filed a complaint with Police Chief Kenneth Davies of the West Mifflin Police department. Mr. Sizemore alleges that Kahler retaliated against him by charging Mr. Sizemore with failing to yield as a pedestrian. He further complains that Chief Davies failed to take any action against Kahler.

Mr. Sizemore alleges the following claims in his Amended Complaint: (1) a claim against Kahler for failure to yield to a pedestrian based on his driving erratically and not allowing Mr. Sizemore to proceed across a cross-walk (2) a claim against Kahler for false report and making false statements under 18 U.S.C. § 1007; (3) a municipal liability claim against the Borough of West Mifflin for failing to address Mr. Sizemore's complaints regarding Kahler's actions; and (4) a claim for Official Oppression against Kahler and the Borough of West Mifflin regarding their actions in reference to court proceedings against Mr. Sizemore.

## II. Standard of Review

In ruling on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted a Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008), quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002), and citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007). A valid complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8 "demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S.662, 678 (2009), citing Twombly, 550 U.S. at 555.

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id., citing Twombly, 550 U.S. at 555. See also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 556 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Finally, if court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips,: "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d at 236, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## III. Discussion

Defendants seek dismissal of all of Mr. Sizemore's claims. In his response, Mr. Sizemore explicitly withdraws his claims of official oppression and for false report-making. He implicitly concedes that his claim against Kahler for failure to yield to a pedestrian cannot be pursued (although he maintains that Kahler's conduct is meant as factual support for claims he intends to bring alleging that Kahler deprived him of his constitutional rights). Therefore, we will grant Defendants' motion to dismiss these three claims with prejudice.

### *Municipal Liability Claim*

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Section 1983 "municipal liability attaches only 'when execution of a government's policy or custom, whether made by its lawmakers or by those who edicts or acts may fairly be said to represent official policy, inflicts the injury.'" Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoting Monell, 436 U.S. at 694. Thus, a plaintiff must show that the municipality "maintained a policy or custom that caused a deprivation of constitutional rights." Doby v.

4

DeCrescenzo, 171 F.3d 858, 867 (3d Cir. 1999), citing Monell, 436 U.S. at 694. "To establish the necessary causation, a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the municipality's custom and the specific deprivation of the constitutional rights at issue. Open Ends, Ltd. v. Chester County Sheriff's Department, 24 F.Supp.2d 410, 430 (E.D.Pa. 1998), citing Bielevicz, 915 F.2d at 850-51.

Mr. Sizemore argues that his claim of municipal liability against the Borough should not be dismissed because the police chief had knowledge of Kahler's conduct and acquiesced in the conduct when he failed to act to stop Kahler. Mr. Sizemore's argument does not establish a municipal liability claim against the Borough of West Mifflin. Mr. Sizemore has not identified an express policy, proclamation or edict issued by the Borough, and we conclude that he has also failed to show a custom that "is so well-settled and permanent as virtually to constitute law." Bielevicz, 915 F.2d at 850. Accordingly, we will grant Defendants' motion to dismiss the municipal liability claim and its related claim of punitive damages against the Borough with prejudice.

### *Motion to File an Amended Complaint*

Mr. Sizemore's Response is in essence a motion to file a Second Amended Complaint. In a Second Amended Complaint, Mr. Sizemore intends to assert claims alleging violations of his Constitutional rights under the Fourth, Sixth, and Fourteenth Amendments; a section 1983 claim; a claim that his due process rights were violated: claims of violations of the Pennsylvania Constitution; and a state law claim of Intentional Infliction of Emotional Distress. In addition, he seeks to add Police Chief Kenneth Davies as a defendant.

We have reviewed the filings submitted by Mr. Sizemore, including his Response, and we conclude that he is unable to allege facts supporting claims showing that he is entitled to

relief. Fed.R.Civ.P.8(a)(2). Mr. Sizemore complains that he was stopped by a police officer while crossing a street and was asked to produce identification, which he did. He alleges that the officer was aggressive, and made threats that he would assault and arrest Mr. Sizemore. Mr. Sizemore alleges that after the incident he immediately called "dispatch" or 911 to report the officer's conduct, and in retaliation the officer issued a summons against Mr. Sizemore.

It is not clear what specific charge or charges were filed against Mr. Sizemore. The alleged citation appears to have been for jaywalking, and Mr. Sizemore indicates that criminal charges were filed against him. Mr. Sizemore provides no indication of the outcome of the charges filed against him. However, he does mention that court proceedings were initiated at the magistrate judge level, continued in the Common Pleas Court, and that his case was appealed to the Pennsylvania Superior Court. Am. Compl. Count Two.

We note that the "Rooker–Feldman doctrine strips federal courts of jurisdiction over controversies 'that are essentially appeals from state-court judgments.'" Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014), reh'g denied (Dec. 1, 2014), quoting Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir.2010). Thus, if Mr. Sizemore is "complaining of injuries caused by [a] state-court judgment," which invites "district court review and rejection of those judgments" we likely would not have jurisdiction over such claims. Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014), reh'g denied (Dec. 1, 2014).

Mr. Sizemore further alleges that on September 11, 2012, he submitted a complaint to the Police Chief about Officer Kahler's conduct. On September 14, 2012 he spoke directly to the Police Chief to complain about Kahler's actions. Mr. Sizemore notes that after his two

complaints the Police Chief refused to address his complaints, and that despite his complaints criminal proceedings against Mr. Sizemore continued.

The basis for Mr. Sizemore filing a complaint is the fact that he was stopped by a police officer and charged with jaywalking. He alleges that the officer was verbally abusive but there are no allegations that he physically hit him, detained him any longer than a few minutes, arrested him, or did not permit him to leave. There is no information to suggest that the proceedings against Mr. Sizemore in state court were resolved in his favor, or that the charges against him were false. The fact that he complained to the Police Chief, but that the Chief did nothing does not alter the basic factual allegation regarding his encounter with Officer Kahler. We do not discern a factual basis to support the alleged claims Mr. Sizemore intends to bring in a Second Amended Complaint. The burden is on Mr. Sizemore to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 662. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Here, Mr. Sizemore filed this action in September 2014. He filed an Amended Complaint and we permitted him an extensive period of time to address the motion to dismiss. Despite this he has been unable to assert factual allegations that would support a claim for relief. Accordingly, we find that to permit Mr. Sizemore to file a second amended complaint would be futile.

## IV. Conclusion

We are granting Defendants' motion to dismiss as to all claims asserted in the Amended Complaint for failure to state a claim upon which relief can be granted. Accordingly, for the reasons stated herein, we will enter an order granting Defendants' motion to dismiss. In addition we will dismiss the amended complaint with prejudice. Pursuant to Federal Rule of Appellate

3(a)(1), Mr. Sizemore may appeal our decision to the Court of Appeals "only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed.R.App.P. 3(a)(1). Federal Rule of Appellate 4(a)(1) states that 'the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). Thus, if Mr. Sizemore wishes to file a notice of appeal he must do so within 30 days of the entry of the Court's Order granting Defendants' motion to dismiss and dismissing his Amended Complaint.

Date: May 5, 2016

Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc: Robert Sizemore, pro se
2104 Ardmore Blvd. #3
Pittsburgh, PA 15221